UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTIA LELAIND

                Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO, ET AL.

                Defendants.

No. C 06-05870 MHP

**MEMORANDUM & ORDER**
**Re: Defendants' Motion for Summary Judgment and Plaintiff's Motion to Permit Late Filing of Summary Judgment Opposition Brief**

On September 22, 2006 plaintiff Antia Lelaind filed an action against the City and County of San Francisco and others alleging nine separate causes of action alleging discrimination. On December 3, 2007 defendants moved for summary judgment on all nine causes of action. Plaintiff's opposition was due on December 17, 2007. On December 17 and 18, 2007 plaintiff filed declarations in opposition. On December 21, 2007 plaintiff asked the court for an extension of time until December 21 to file her opposition brief. This request was immediately opposed by the defendants. Although plaintiff concurrently electronically filed a document purporting to be her opposition brief, the filing was in fact plaintiff's supplemental declaration. See Docket No. 69. However, plaintiff did send a courtesy copy of her opposition brief, without a table of contents or authorities, to the undersigned's chambers on December 21, 2007. On December 24, 2007 defendants filed a reply which assumed their motion was unopposed. On December 26, 2007 plaintiff filed the table of contents and authorities to her opposition brief, but not the brief itself. See Docket No. 75. Consequently, as of December 28, 2007 no opposition brief has been filed on the court's electronic filing system.

Plaintiff's request for an extension of time to file her opposition brief is untimely. She asks for the extension after the deadline has already passed. Indeed, her initial e-mail request to opposing

counsel asking for a stipulation was also made after the deadline. Although the court sympathizes with counsel's position, counsel waited over a month before asking for an extension due to a death in her family. Counsel's statement that the extension should be granted because she is a sole practitioner is without avail since she has previously represented to the court that she has associated co-counsel in this matter. Finally, a change in the briefing schedule would have forced defendants' counsel to work over the holidays without any prior notice whatsoever.

The court does not condone plaintiff's counsel's behavior. It is disrespectful of both the court's and opposing counsel's time. The incomplete and late filing, which was never electronically filed, is tantamount to playing fast and loose with the court. Plaintiff's counsel has, in effect, extended the time allowed to write and submit her opposition to suit her own needs and whims. The undersigned will not tolerate any more behavior of this nature. Due to plaintiff's counsel's behavior, the court hereby grants defendants leave to file a supplemental reply brief. Furthermore, in the interest of fairness, the court will allow defendants as much time as they need to file this supplemental reply brief. Since defendants' counsel have made clear that they will be undergoing a medical procedure after January 7, 2008, the court only asks that defendants' counsel let the court know whether they intend to file a supplemental reply and when the court should expect such reply.

The court's ruling above necessitates that the January 7, 2008 hearing date be vacated. In addition, the court will deem the matter submitted when defendants' supplemental reply is submitted. This obviates the need for any future hearing date regarding the motion for summary judgment.

IT IS SO ORDERED.

Dated: December 28, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California